UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DULCE M. MUNOZ-NAGEL,                              :
                                                                              :
                          Plaintiff,         :
                                                                              :
     - against -                                          :    **OPINION AND ORDER**
                                                                              :    12-CV-1312 (ER)
GUESS, INC.,                                                      :
                                                                              :
                          Defendant.     :
------------------------------------------------------------------------x
Ramos, D.J.:

        Plaintiff Munoz-Nagel ("Plaintiff" or "Munoz-Nagel"), appearing *pro se*, brings this action against Defendant Guess, Inc. ("Defendant" or "Guess") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-297. Amended Complaint ("Am. Compl.") Doc. 5. Pending before the Court is Defendant's motion to dismiss Plaintiff's Amended Complaint. Doc. 19. For the reasons set forth below, Plaintiff's Title VII and ADA claims are DISMISSED. Plaintiff's age discrimination claim pursuant to the ADEA and NYSHRL are DISMISSED without prejudice.

    **I.   Factual Background**

        Plaintiff, a resident of Monroe, New York, is Hispanic, female, of Dominican descent and an Evangelical Christian. Am. Compl. II.D. Plaintiff alleges that she has been disabled since 2003 because of an automobile accident. *Id.* She claims that Guess failed to hire her for discriminatory reasons in June 2011 and failed to accommodate her disability. *Id.* II.A.-B.

1

Specifically, Plaintiff alleges that Guess discriminated against her on the basis of her race, color, national origin, gender, religion, age, and disability. *Id.* II.D.

In a document filed by Plaintiff on December 4, 2012, which the Court will treat as a surreply,[1] Doc. 23, Plaintiff states that she applied for a part-time customer service position with Guess on May 31, 2011, at which time she was 49 years old. Surreply 1, 11, 14. The application allowed applicants to select hours and days that they preferred to work. *Id.* 1. Plaintiff chose the 10am to 3pm time slot on her application, and also indicated that she was not available to work on Sundays. *Id.* Plaintiff alleges that during the time she was waiting for the application at the store, a manager asked her if she would be willing to work starting at 8 am, and she said "yes." Surreply Ex. B at 1. The "applicant checklist," attached to Plaintiff's Surreply as Exhibit A, states in the "comments" section: "[O]nly morning shifts. She can come earlier than 10 am if needed."

Plaintiff was interviewed on the 1st and 15th of June 2011. Surreply 1. The first interview was conducted in a group, which included Hispanic, black, and white individuals who "were younger than [Plaintiff]." P.'s Sept. 27, 2012 Letter ("9/27/12 Letter") Ex. B ¶ 9 (not

---

[1] Although this Court's individual rules require a party to obtain the Court's permission prior to the filing of a surreply, *see* Individual Rule 2.B.i., in light of Plaintiff's *pro se* status, the Court will accept this filing and consider it to the extent that it is relevant. Moreover, although courts generally "may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss," the mandate "to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials." *Gadson v. Goord*, No. 96 Civ. 7544 (SS), 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997) (citing, *inter alia*, *Gil v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering *pro se* plaintiff's affidavit in opposition to defendant's motion to dismiss)). Accordingly, where a *pro se* plaintiff is faced with a motion to dismiss, a court may consider materials outside the complaint "to the extent that they are consistent with the allegations in the complaint." *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004), *vacated in part on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004). The Court therefore considers the factual allegations contained in Plaintiff's opposition papers, including her surreply, to the extent that they are consistent with the allegations contained in the Amended Complaint.

electronically filed).² Plaintiff does not indicate whether the second interview was conducted individually or in a group, but claims that it went "pretty smooth[ly]," and consisted of "common sense questions." Surreply Ex. B at 1. She claims that during the second interview, she asked the manager if it was possible to change the hours she had requested on her application, and the manager responded "yes" and that they could work on that. *Id.* Plaintiff further alleges that after the June 15 interview, the manager informed her that they needed to run a background check, which would take about three days to complete, and that they would call her to inform her whether she was cleared. Surreply 12; *see also* Ex. B at 1. Plaintiff alleges that she believed that she had been hired at that point, as it is not customary for a company to run a background check on an individual that it does not intend to hire. *Id.* 11. She claims that she is not a criminal or felon, *id.* 12, and that she believes she would have passed a background check, as she was subsequently hired to work at another retail store that also conducted a background check prior to hiring her. *Id.* 14.

On June 20, 2011, the manager called Plaintiff and informed her that the hours she had requested were not available, and that the only available hours were noon to closing. Surreply Ex. B at 1. The following day, Plaintiff visited the store and told the manager that she was "willing to work out [her] hours." *Id.* At that point, the manager informed Plaintiff that the position had been filled. *Id.* Plaintiff alleges that although no derogatory remarks were made during her conversations with the manager, Surreply 11*,* she claims that the manager was lying about the position being filled, as the store was still taking applications and was continuing to conduct interviews every week, and that the manager used that reason "to protect herself." *Id.*;

---

² For the reasons discussed *supra* n.1, the Court considers the allegations contained in Plaintiff's September 27, 2012 letter to the Court, and the exhibits attached thereto, to the extent that they are consistent with the allegations in the Complaint.

*see also* Ex. B at 1.  Plaintiff alleges that "if [her] hours were the only problem[, the manager] should [have] accommodate[d] [her] hours," and that she "was willing to work from 4-9 pm, if [the manager] needed personnel for closing."  Surreply Ex. B at 1.  Plaintiff further alleges that stores such as Guess "prefer[] college[] students and younger applicants to compete with the market strategies."  Surreply 11.  Additionally, Plaintiff claims that she was over-qualified for the positions available at Guess, as she previously worked as a manager and had training in customer service and retail.  Surreply Ex. B at 3.

Plaintiff initially filed a petition with the U.S. Equal Employment Opportunity Commission (EEOC).  In her response to the EEOC's Supplemental Information Request, attached to her September 27, 2012 letter to the Court as Exhibit B, Plaintiff states that the reason she believes she was not hired because of her race is because Defendant has rotating schedules starting at 5:30 am until 9 pm and she indicated to the manager that she was willing to be flexible about her hours, and that the manager told her during the interview that she would be able to change the hours she had listed on her application.  9/27/12 Letter Ex. B ¶¶ 10-11.  Plaintiff states that the reason she believes she was not selected because of her age is because most of Guess's employees that Plaintiff saw working at the store were much younger than her, except for the head manager who she believes was around her age.  *Id.* ¶ 12.  In her opposition papers to the instant motion, Plaintiff further alleges that a majority of the applicants for the job were younger than her, and that she "believe[s] most of them were hired."  Pl.'s Mem. L. 6.  The reason Plaintiff believes that she was not hired because of her religion is that she indicated on her application that she was not available to work on Sundays, as she assists and sings at Church that day.  9/27/12 Letter Ex. B ¶ 13.  In response to the EEOC's inquiry regarding her belief that she was not hired because of her color, Plaintiff states that she does not know whether any of the

4

other white, black or Hispanic individuals who were at the group interview were hired, but that she noticed that the interviewer "did not click with [her]" and that she was more interested in the people, rather than their experience. *Id.* ¶ 14. Plaintiff further states in her response to the EEOC's Supplemental Information Request that the reason she believes she was not selected because of her national origin is that the manager was Italian, and she has "hear[d] rumors [that] some Italian[s] [do not] like Hispanics." *Id.* ¶ 15.

With respect to Plaintiff's disability, she claims that she was hurt in an automobile accident, and that her disability has prevented her from working. *Id.* ¶ 16. She alleges that her disability prevents her from lifting heavy objects and sitting or standing for too long a period. *Id.* ¶ 19. Plaintiff states that she does not remember mentioning her disability in the job application,[3] *id.* ¶ 16, but claims that her disability would not have prevented her from performing her job duties. *Id.* ¶ 22. In response to the EEOC's inquiry regarding whether she made Guess aware that she was disabled during the application process or interview, Plaintiff states that she did not want to mention anything about her disability at the interviews since they were conducted in a group setting, and that she was going to explain her disabilities in private if she was hired, but that she never got that chance. *Id.* ¶ 21.

Plaintiff received a Notice of Right to Sue letter from the EEOC on October 13, 2011. Am. Compl. III.B. She initiated this action on February 21, 2012 by filing a Complaint for Employment Discrimination. Doc. 2. On March 20, 2012, the Court issued an Order to Amend, directing Plaintiff to file an Amended Complaint detailing her claims that she was discriminated in hiring because of her Christian religion, female gender, age, disability and/or Hispanic

---

[3] The completed job application, attached to Plaintiff's Surreply as part of Exhibit A, does not mention Plaintiff's disability.

national origin.  Doc. 4.  Plaintiff filed the Amended Complaint on April 5, 2012.[4]  Doc. 5.

## II. Applicable Legal Standards

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), district courts are required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in the plaintiff's favor.  *Famous Horse Inc. v. 5th Ave. Photo Inc.,* 624 F.3d 106, 108 (2d Cir. 2010).  However, this requirement does not apply to legal conclusions, bare assertions or conclusory allegations.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 681 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In order to satisfy the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Accordingly, a plaintiff is required to support its claims with sufficient factual allegations to show "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Though a plaintiff may plead facts alleged upon information and belief "where the belief is based on factual information that makes the inference of culpability plausible," *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir. 2010), such allegations must be "'accompanied by a statement of the facts upon which the belief is founded.'"  *Prince v. Madison Square Garden,* 427 F. Supp. 2d 372, 385 (S.D.N.Y. 2006) (citation omitted); *see also Williams v. Calderoni*, No. 11 Civ. 3020 (CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012)

---

[4] As Defendant states in its motion papers, at the October 10, 2012 pre-motion conference, the Court directed Defendant not to bring its motion to dismiss on statute of limitations grounds.  *See* Def.'s Mem. L. 2 n.1.

(finding pleadings based upon information and belief insufficient where plaintiff pointed to no information that would render his statements anything more than speculative claims or conclusory assertions).

With respect to employment discrimination cases, in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), which preceded *Twombly* and *Iqbal*, the Supreme Court rejected a heightened pleading standard and held that a plaintiff alleging employment discrimination need not plead facts establishing a *prima face* case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973),[5] to survive a motion to dismiss. *See Swierkiewicz*, 534 U.S. at 510-11. Rather, "the ordinary [pre-*Twombly*] rules for assessing the sufficiency of a complaint apply."[6] *Id.* at 511.

Because *Swierkiewicz* came before *Twombly* and *Iqbal*, and therefore relied on the notice pleading standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957), the Second Circuit recently stated that "[t]he pleading standard for employment discrimination complaints is somewhat of an open question in our circuit." *Hedges v. Town of Madison*, 456 F. App'x 22, 23 (2d Cir. 2012) (summary order). Although it has declined to resolve this open question, the

---

[5] Under the *McDonnell Douglas* framework, to make out a *prima facie* case of discriminatory failure to hire, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position for which he applied; (3) he was denied the job; and (4) the denial occurred under circumstances giving rise to an inference of discrimination. *Coger v. Conn. Dep't of Pub. Safety*, 143 F. App'x 372, 374 (2d Cir. 2005) (summary order) (citing *McDonnell Douglas*, 411 U.S. at 802). Courts apply the *McDonnell Douglas* legal framework to analyze claims under Title VII, the ADEA, the ADA and the NYSHRL. *See, e.g.*, *Dixon v. Int'l Fed'n of Accountants*, 416 F. App'x 107, 109 (2d Cir. 2011) (applying *McDonnell Douglas* framework to Title VII, ADEA and NYSHRL claims); *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 48-49 (2d Cir. 2002) (applying *McDonnell Douglas* framework to intentional discrimination claim under the ADA); *see also Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93,106 (2d Cir. 2010) (holding that, even after the Supreme Court's decision in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009), this Circuit continues to apply the *McDonnell Douglas* burden-shifting framework to ADEA claims).

[6] The Second Circuit has held that "[t]he *Swierkiewicz* holding applies with equal force to any claim . . . that the *McDonnell Douglas* framework covers." *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008) (quoting *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 72 (2d Cir. 2006) (per curiam)). Accordingly, as discussed *supra* n.5, *Swierkiewicz* applies to all of Plaintiff's claims.

Second Circuit has held that "at a minimum, employment discrimination claims must meet the standard of pleading set forth in *Twombly* and *Iqbal*, even if pleading a *prima facie* case is not required." *Id.* Accordingly, "[r]econciling *Swierkiewicz*, *Twombly*, and *Iqbal*, a complaint need not establish a *prima facie* case of employment discrimination . . . [but] must be facially plausible and must give fair notice to the defendants of the basis for the claim." *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (quotation marks and citation omitted). Although plaintiffs alleging employment discrimination need not plead a *prima facie* case, the elements of a *prima facie* case do "provide an outline of what is necessary to render [a plaintiff's employment discrimination] claims for relief plausible." *Pahuja v. Am. Univ. of Antigua*, No. 11 Civ. 4607 (PAE), 2012 WL 6592116, at *9 (S.D.N.Y. Dec. 18, 2012) (quoting *Sommersett v. City of New York*, No. 09 Civ. 5916 (LTS) (KNF), 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011)). Courts therefore "consider these elements in determining whether there is sufficient factual matter in the complaint which, if true, gives Defendant a fair notice of Plaintiff's claim and the grounds on which it rests." *Id.* (quoting *Murphy v. Suffolk Cnty. Cmty. Coll.*, No. 10 Civ. 0251 (LDW) (AKT), 2011 WL 5976082, at *5 (E.D.N.Y. Nov. 29, 2011)). Thus, "[i]n the absence of a facially plausible discrimination claim that gives fair notice to a defendant of the acts that form the basis of the claim, dismissal at the pleading stage is warranted." *Williams v. Addie Mae Collins Cmty. Serv.*, No. 11 Civ. 2256 (LAP), 2012 WL 4471544, at *3 (S.D.N.Y. Sept. 27, 2012) (citing *Patane v. Clark*, 508 F.3d 106, 111-13 (2d Cir. 2007)).

In the case of a *pro se* plaintiff, the Court is obligated to construe the complaint liberally, *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011), and to interpret the claims as raising the strongest arguments that they suggest. *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474

8

(2d Cir. 2006). The obligation to read a *pro se* litigant's pleadings leniently "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). "However, even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III. Plaintiff Fails to State a Claim Under Title VII or the ADA

#### a. Plaintiff Fails to State a Claim Under Title VII

Title VII prohibits an employer from refusing to hire an individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To make out a *prima facie* case of discriminatory failure to hire, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position for which she applied; (3) she was denied the job; and (4) the denial occurred under circumstances giving rise to an inference of discrimination on a basis forbidden by Title VII. *Coger*, 143 F. App'x at 374. Although Plaintiff is not required to establish a *prima face* case of discrimination at the pleading stage, she has failed to allege "enough facts to state a claim for relief that is plausible on its face." *Patane*, 508 F.3d at 111-12 (quoting *Twombly*, 550 U.S. at 570).

#### i. Discrimination on the Basis of Race, Color, and National Origin[7]

In her submission to the EEOC, Plaintiff stated that she believes she was discriminated against on the basis of her race because, although the store manager told her that the hours she had requested had been filled, Plaintiff had indicated to the manager that she was willing to be

---

[7] Although Plaintiff's opposition papers mainly focus on the allegation that she was discriminated against on the basis of her age, because Plaintiff alleges in the Complaint that Defendant also did not hire her because of her race, color, gender, religion, national origin, and disability, the Court will examine the sufficiency of Plaintiff's allegations with respect to each type of alleged discrimination.

flexible about her hours, and was still not hired for the position. With respect to her allegation that she was discriminated against because of her color, Plaintiff stated that she does not know whether any of the white, black or Hispanic individuals who were interviewed with her were hired, but that she noticed that the interviewer "did not click" with her, and that the interviewer appeared more interested in the individuals being interviewed, rather than their experience. Finally, Plaintiff alleges that the reason she believes she was not selected because of her national origin is that the manager was Italian, and that she has "hear[d] rumors [that] some Italian[s] [do not] like Hispanics."

Plaintiff has failed to plead any facts giving rise to an inference of discriminatory intent. Although Plaintiff argues that Defendant's stated reason for not hiring her was pretextual, and that the true motivation was a discriminatory one, she has failed to include any specific factual allegations that plausibly give rise to an inference of discrimination on the basis of Plaintiff's race, color or national origin. To the contrary, Plaintiff specifically alleges that no derogatory remarks were made during her conversations with Defendant's employees. Moreover, Plaintiff's bare and unsupported assertions that the interviewer "did not click" with her and that she has heard "rumors" that some Italian people "[do not] like Hispanics" are plainly insufficient to state a claim for employment discrimination. Accordingly, because Plaintiff's allegations "do not demonstrate any facially plausible nexus between her protected characteristics and [Defendant's] failure to hire her," her claims of discrimination based on race, color and national origin must be dismissed. *Williams*, 2012 WL 4471544, at *4 (citations omitted).

### ii. Gender Discrimination

As the Second Circuit has repeatedly noted, "[t]he *sine qua non* of a gender-based discriminatory action claim under Title VII is that 'the discrimination must be *because of sex*.'"

*Patane*, 508 F.3d at 112 (emphasis in original) (quoting *Leibovitz v. N.Y. City Transit Auth.*, 252 F.3d 179, 189 (2d Cir. 2001)).  Here, Plaintiff does not allege facts that suggest that her gender was a basis for Defendant's decision not to hire her, nor does she set forth any factual circumstances from which it might be inferred that she was not hired because of her gender.  Plaintiff does not, for instance, allege that any of Guess's employees made any remarks that could be viewed as reflecting discriminatory animus or that any male employees were given preferential treatment when compared to Plaintiff.  *See Patane*, 508 F.3d at 112.  Rather, the *only* reference to Plaintiff's gender in the Complaint and supplemental documents is Plaintiff's conclusory allegation that Defendant discriminated against her on the basis of her gender.  Am. Compl. II.D.  Accordingly, because Plaintiff has failed to include "a plain statement of the claim . . . [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," her claim of gender discrimination must be dismissed.  *Patane*, 508 F.3d at 113 (quoting *Swierkiewicz*, 534 U.S. at 512).

### iii.  Religious Discrimination

Plaintiff's sole allegation with respect to her religious discrimination claim is that she believes she was not hired on the basis of her religion because she indicated on her application that she was not available to work on Sundays.  Such "naked assertions devoid of further factual enhancement" will not suffice to satisfy the pleading standard under Rule 8, and Plaintiff's religious discrimination claim is therefore dismissed.  *Iqbal,* 556 U.S. at 678 (quotation marks, brackets and citation omitted).

### b.  Plaintiff Fails to State a Claim Under the ADA

The ADA precludes an employer from discriminating on the basis of an individual's disability.  42 U.S.C. § 12112(a).  To establish a *prima facie* case of discrimination under the

11

ADA, a plaintiff must show that: (1) her employer is subject to the ADA; (2) she is disabled within the meaning of the ADA; (3) she is otherwise qualified to perform the essential functions of her job with or without reasonable accommodation; and (4) she suffered an adverse employment action because of her disability. *Rios v. Dep't of Educ.*, 351 F. App'x 503, 505 (2d Cir. 2009) (citing *Jacques v. DiMarzio, Inc.,* 386 F.3d 192, 198 (2d Cir. 2004)).

Here, even assuming Plaintiff has satisfied the first three elements of an ADA claim, she has failed to include any factual allegations from which it can be inferred that Guess did not hire her *because of* her alleged disability. Indeed, Plaintiff specifically stated in her response to the EEOC's request for information that she did not mention her disability during the interview process, and that she "never got the chance" to explain her disability to Defendant. Moreover, Plaintiff's job application, which is included in Plaintiff's submissions to the Court, does not mention her disability. Accordingly, because there is no evidence whatsoever that Defendant was even aware that Plaintiff suffered from a disability, Plaintiff has failed to state a plausible claim under the ADA, and Defendant's motion to dismiss Plaintiff's ADA claim is therefore granted.[8]

## IV. Plaintiff is Granted Leave to Amend her Age Discrimination Claim

The ADEA makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual . . . because of such individual's age." *See* 29 U.S.C. §§ 623(a)(1), 631(a) (establishing that the ADEA applies only to individuals who are at least 40 years old). To make out a *prima face* case of age discrimination, a plaintiff must demonstrate membership in a protected class, qualification for the position, an adverse employment action, and circumstances supporting an inference of age discrimination. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d

---

[8] For the reasons stated above, Plaintiff has also failed to adequately allege that Defendant failed to accommodate her disability.

12

229, 238 (2d Cir. 2007) (citing *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 639 (2d Cir. 2000)).  At the pleading stage, Plaintiff need not make out a *prima facie* case, and may withstand a motion to dismiss by providing a short and plain statement of the claim that shows that she is entitled to relief and that gives Defendant fair notice of the age discrimination claim and the grounds upon which it rests.  *Id.* (citing *Swierkiewicz*, 534 U.S. at 512).

Plaintiff alleges that she was 49 years old at the time of the interview and that she was not hired for the position; accordingly, she has adequately pled her membership in a protected class and that she was subject to an adverse employment action.  *See* 29 U.S.C. § 631(a).  Moreover, accepting Plaintiff's allegations as true and drawing all reasonable inferences in her favor, Plaintiff has adequately pled that she was qualified for the position, and Defendant does not argue otherwise.  Whether Plaintiff has stated a claim under the ADA therefore turns on whether she has pled any facts from which the inference can be drawn that she was discriminated against on the basis of her age.

Plaintiff alleges that although she was informed that the position for which she applied had been filled, Defendant continued to take applications and conduct interviews every week. She further alleges that Defendant preferred to hire "college[] students and younger applicants." Additionally, Plaintiff alleges that most of the applicants for the job she applied for were younger than her and that she "believe[s] most of them were hired."  Although Plaintiff is entitled to plead facts upon information and belief, she has failed to accompany her allegations with respect to her age discrimination claim with a "statement of the facts upon which the belief is founded." *Prince*, 427 F. Supp. 2d at 385.  Accordingly, because Plaintiff has pointed to no information that would render her "belief" that younger applicants were hired over her anything more than a conclusory assertion, the Court finds that she has failed to state a claim under the ADEA.

However, the Court remains cognizant that *pro se* litigants should be given leave to amend a complaint if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  Although Plaintiff's Amended Complaint and submissions to the Court are deficient in factual support, it remains theoretically possible that she could make out a claim under the ADEA sufficient to survive a motion to dismiss were she to provide further factual support for her allegation that Guess selected younger applicants for the position for which she applied.  Indeed, courts in this Circuit have found that a plaintiff makes out a *prima facie* claim for age discrimination where she alleges that she was within the protected class, that she was rejected for a position, and that the position was filled by a person significantly younger than her.  *See, e.g.*, *Shub v. Westchester Cmty. Coll.*, 556 F. Supp. 2d 227, 253 (S.D.N.Y. 2008) (holding that where plaintiff was within protected class and was not hired, "the fact that the person [hired] was twenty-five years younger raises an inference of discrimination"); *see also D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 195 (2d Cir. 2007) (holding that allegations gave rise to an inference of discrimination where plaintiff was rejected for a position and the person who was hired for the position was eight years younger than plaintiff); *Hampton v. Diageo N. Am., Inc.*, No. 3:04 Civ. 346 (PCD), 2008 WL 350630, at *6 (D. Conn. Feb. 7, 2008) (holding that plaintiffs made out *prima facie* case of age discrimination where "[a]ll the candidates selected for the . . . positions for which Plaintiffs applied or were considered . . . were significantly younger . . . than Plaintiffs"); *cf. Avgerinos v. Palmyra-Macedon Cent. Sch. Dist.*, 690 F. Supp. 2d 115, 130-31 (W.D.N.Y. 2010) (holding that plaintiff failed to state a *prima face* case of age discrimination where she made "no allegations that other older applicants were denied appointments or that only younger workers are employed").

14

Accordingly, because "there is reason to believe that [Plaintiff] may be able to articulate a viable set of allegations" to support her age discrimination claim, *Santos v. Gen. Elec. Co.*, No. 10 Civ. 6948 (JSR) (MHD), 2011 WL 5563544, at *12 (S.D.N.Y. Sept. 28, 2011) (Report & Recommendation), *adopted* 2011 WL 5563536 (S.D.N.Y. Nov. 15, 2011), she is granted leave to file a Second Amended Complaint.[9]  The Second Amended Complaint, if any, shall contain sufficient allegations to support her "belief" that the younger applicants were hired for the position she applied for.[10]

## V. Conclusion

For the reasons set forth above, Plaintiff's Title VII and ADA claims are DISMISSED. Plaintiff's age discrimination claim under the ADEA and NYSHRL are DISMISSED without prejudice.  Plaintiff is granted leave to replead her age discrimination claim should she choose to file a Second Amended Complaint.  Plaintiff shall file any amended pleadings within **thirty (30) days** from the date of entry of this Order.[11]

---

[9] The NYSHRL makes it unlawful for an employer to refuse to hire an individual on the basis of that individual's "age, race, creed, color, national origin, sexual orientation, military status, sex, [or] disability." N.Y. Exec. Law § 296(1)(a).  Because age discrimination claims brought under the NYSHRL are governed by the same standards as those brought under the ADEA, *Spence v. Md. Cas. Co.*, 995 F.2d 1147, 1158 (2d Cir. 1993), the Court finds that Plaintiff has failed to state a claim under the NYSHRL.  However, as with the ADEA claim, Plaintiff is granted leave to amend her Complaint to add sufficient factual support for her age discrimination claim under New York law.

[10] The Court notes that although Plaintiff states in her opposition papers that she "believes" that the other, younger applicants were hired, Pl.'s Mem. L. 6, she also stated in her response to the EEOC that she does not know whether any of the other white, black or Hispanic individuals who were at the group interview were hired.  9/27/12 Letter Ex. B ¶ 14.  Thus, should Plaintiff choose to amend her pleadings, she should make clear what facts her belief that the other applicants were hired for the position she applied for is based upon.

[11] In her opposition papers, Plaintiff requests that the Court issue a subpoena for the results of her background check. However, at this stage of the litigation, the Court is required to decide Defendant's motion to dismiss on the pleadings, and there is therefore no need for Defendant to provide discovery.  Should Plaintiff file a Second Amended Complaint that cures the pleading deficiencies set forth above, Plaintiff may request such documents from Defendant in the normal course of discovery.

The Clerk of the Court is respectfully directed to terminate the motion, Doc. 19.

It is SO ORDERED.

Dated:  April 30, 2013
        White Plains, New York

                                                    _____
                                                    Edgardo Ramos, U.S.D.J.

16