USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __11/15/13__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DULCE M. MUNOZ-NAGEL,                          :
                                               :
                          Plaintiff,           :
                                               :
              - against -                      :          **OPINION AND ORDER**
                                               :          12-CV-1312 (ER)
GUESS, INC.,                                   :
                                               :
                          Defendant.           :
------------------------------------------------------------x

Ramos, D.J.:

Plaintiff Munoz-Nagel ("Plaintiff"), appearing *pro se*, brings this employment

discrimination action against Defendant Guess, Inc. ("Defendant" or "Guess") for failure to hire.

Plaintiff initially filed her Complaint on February 21, 2012. Doc. 2. On March 20, 2012, the

Court issued an Order to Amend, directing Plaintiff to file an Amended Complaint detailing her

claims that she was discriminated against in hiring because of her Christian religion, female

gender, age, disability and/or Hispanic national origin. Doc. 4. Plaintiff filed the First Amended

Complaint on April 5, 2012. Doc. 5. On October 24, 2012, Defendant moved to dismiss the

First Amended Complaint, Doc. 19, and on April 30, 2013, the Court dismissed Plaintiff's claims

under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities

Act of 1990 ("ADA"). Doc. 24 ("April 30 Order"). However, the Court granted Plaintiff leave

to replead her age discrimination claim under the Age Discrimination in Employment Act of

1967 ("ADEA") and the New York State Human Rights Law ("NYSHRL"). *Id.* Plaintiff filed

her Second Amended Complaint for age discrimination on May 22, 2013. Doc. 25. Pending

before the Court is Defendant's motion to dismiss Plaintiff's Second Amended Complaint. Doc.

29. For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## I.   Factual Background[1]

In the Second Amended Complaint, Plaintiff alleges that the store manager who interviewed her indicated that the hours Plaintiff had requested on her application—10:00 AM to 3:00 PM—were not available.  SAC at May 20, 2013 Letter.[2]  Plaintiff alleges that Defendant failed to accommodate her requested hours of employment notwithstanding that Defendant had the flexibility to do so.  *Id.*  Plaintiff further alleges that Defendant hired one of Plaintiff's friends and accommodated the friend's requested hours.  *Id.*  Additionally, Plaintiff alleges that Guess "prefer[s] to hire younger . . . applicants than older applicants" and that most of the applicants in the group interview Plaintiff participated in were younger than her.[3]  *Id.*

In a June 28, 2013 letter to the Court, Plaintiff further alleges that the position for which she interviewed remained vacant and that Defendant continued to conduct interviews for that position after informing Plaintiff that it could not accommodate her hours.[4]  June 28, 2013 Letter (Doc. 28) at 3.  Additionally, Plaintiff alleges that certain of her friends who were the same age

---

[1] In the Second Amended Complaint, Plaintiff does not restate all the allegations contained in the First Amended Complaint.  In determining the sufficiency of Plaintiff's Second Amended Complaint, however, the Court will consider the allegations of age discrimination set forth in both the First Amended Complaint and the Second Amended Complaint.  As the allegations contained in the First Amended Complaint were discussed in detail in the April 30 Order, the parties' familiarity with those factual allegations is presumed.

[2] A letter from Plaintiff to this Court, dated May 20, 2013, is appended to the Second Amended Complaint.  The Court considers the allegations contained in the May 20 letter in determining the sufficiency of Plaintiff's allegations.

[3] Plaintiff's application for employment and the Notice of Right to Sue issued by the U.S. Equal Employment Opportunity Commission ("EEOC"), both of which are attached as exhibits to the Second Amended Complaint, were previously submitted by Plaintiff and considered by the Court on Defendant's first motion to dismiss.

[4] Although courts generally "may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss," the mandate "to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials."  *Gadson v. Goord*, No. 96 Civ. 7544 (SS), 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997) (citing, *inter alia*, *Gil v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering *pro se* plaintiff's affidavit in opposition to defendant's motion to dismiss)).  Accordingly, where a *pro se* plaintiff is faced with a motion to dismiss, a court may consider materials outside the complaint "to the extent they are consistent with the allegations in the complaint."  *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (internal quotation marks and citation omitted).  The Court therefore considers the factual allegations contained in Plaintiff's June 28, 2013 letter to the extent that they are consistent with the allegations contained in the Second Amended Complaint.

as her applied and "were not even called for an interview." *Id.*

## II.    Plaintiff Fails to State an Age Discrimination Claim

The ADEA makes it unlawful for an employer to "fail or refuse to hire . . . any individual
. . . because of such individual's age." 29 U.S.C. § 623(a)(1); *see also id.* § 631(a) (establishing
that the ADEA applies only to individuals who are at least 40 years of age).  To make out a
*prima facie* case of age discrimination, a plaintiff must demonstrate membership in a protected
class, qualification for the position, an adverse employment action, and circumstances supporting
an inference of age discrimination.  *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d
Cir. 2007) (citing *Galabya v. NYC Bd. of Educ.*, 202 F.3d 636, 639 (2d Cir. 2000)).  Plaintiff
need not make out a *prima facie* case at the pleading stage, and may withstand a motion to
dismiss by providing a short and plain statement of the claim that shows that she is entitled to
relief and that gives Defendant fair notice of the age discrimination claim and the grounds upon
which it rests.  *Id.* (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

In the April 30 Order, this Court held that Plaintiff adequately pled membership in a
protected class and that she was qualified for the position for which she applied.  April 30 Order
at 13.  The Court noted that the issue of whether Plaintiff stated a claim for age discrimination
turned on whether she had pled facts from which the inference could be drawn that she was
discriminated against on the basis of her age.  *Id.*  Although the Court found that Plaintiff's
unsupported "belief" that the applicants hired for the job for which she applied were younger
than her was insufficient to support an age discrimination claim, the Court granted Plaintiff leave
to amend her complaint to provide further factual support for her allegation that Guess selected
younger applicants over her.  *Id.* at 13-15.

The Court finds that Plaintiff has failed to set forth sufficient factual matter to state a plausible claim for age discrimination based upon her belief that younger applicants were hired for the position in question.  Indeed, the allegations contained in Plaintiff's Second Amended Complaint and June 28, 2013 letter are largely duplicative of the allegations put forth in the First Amended Complaint.  For example, in the Second Amended Complaint, Plaintiff restates the allegation that Guess failed to accommodate Plaintiff's requested hours despite the fact that it had the flexibility to do so.  As the Court held in the April 30 Order, however, that allegation is insufficient to support Plaintiff's claim of discrimination.  Similarly, in the Second Amended Complaint, Plaintiff repeats the allegation that most of the applicants for the position for which she interviewed were younger than her.  However, Plaintiff again fails to indicate whether those younger applicants were actually hired for the position.  In fact, Plaintiff's current allegation that the position remained vacant and that Defendant continued to interview applicants actually undercuts her allegation that the younger applicants with whom Plaintiff participated in the group interview were hired for the position.  Moreover, Plaintiff's new allegation that Guess hired Plaintiff's friend and accommodated her requested hours does not provide sufficient factual support for Plaintiff's age discrimination claim, as Plaintiff fails to indicate the age of her friend.  Finally, Plaintiff's allegation that certain of her friends who were also over 40 years of age applied for the position and were not called for an interview similarly does not support a claim of age discrimination.  Plaintiff does not include any allegations from which the inference can be drawn that the reason Guess determined not to interview these individuals was because of their age.[5]

---

[5] The NYSHRL makes it unlawful for an employer to refuse to hire an individual on the basis of that individual's "age, race, creed, color, national origin, sexual orientation, military status, sex, [or] disability." N.Y. Exec. Law § 296(1)(a).  Because age discrimination claims brought under the NYSHRL are governed by the same standards as

4

### III.     Conclusion

For the reasons set forth above, Defendant's motion to dismiss the Second Amended

Complaint is GRANTED.[6]  The Clerk of the Court is respectfully directed to terminate the

motion, Doc. 29, and close this case.

It is SO ORDERED.

Dated:     November 15, 2013
           New York, New York

_____
Edgardo Ramos, U.S.D.J.

---

those brought under the ADEA, *Spence v. Md. Cas. Co.*, 995 F.2d 1147, 1158 (2d Cir. 1993), the Court finds that
Plaintiff has failed to state a claim under the NYSHRL.

[6] In the Second Amended Complaint, Plaintiff again requests that the Court subpoena certain documents from
Defendant, including the results of Plaintiff's background check and documents related to Defendant's hiring for a
specific period of time.  As the Court held in the April 30 Order, at this stage of the litigation, the Court is required
to decide Defendant's motion to dismiss on the pleadings, and there is therefore no need for Defendant to provide
discovery.